ON REHEARING EN BANC
Before BROWN, WILLIAMS, STEWART, CARAWAY, MOORE, LOLLEY and PITMAN, JJ.
WILLIAMS, J.
liWe granted rehearing to reconsider our earlier opinion in this matter. We note that in the concursus proceeding filed in October 2006, Samson included a claim alleging the payment of royalties to individuals in excess of the amount owed. In September 2010, the tiial court rendered a partial summary judgment ordering the disbursement of funds in the court registry and reserving the rights of the parties to assert other claims. In August 2012, Samson filed a motion to amend the concursus petition to assert claims alleging the payment of excess x-oyalties to Billy Smith, Mark Smith and Gary Smith.
On review, we conclude that Samson’s claims alleging the payment of excess royalties to the Smiths were reseiwed in the partial .summary judgment. Thus, the trial court erred in failing to allow Samson to amend its petition to assert any claims individually against Mark Smith, Gary Smith and the estate of Billy Smith for their alleged receipt of payments in excess of the royalty amounts due under the mineral lease.
We note that any such claims by Samson are separate and distinct from the Succession’s claim for unpaid royalties as lessor under the mineral lease. Consequently, this court’s decision in the present matter will not have a x-es judicata effect upon Samson’s claims against the above-named individuals.
Mineral Code Article 140 allows the assessment of damages against a mineral lessee as a type of penalty. A statute which authorizes the imposition of punitive *981 or other penalty damages is strictly construed by the courts. Ross v. Conoco, Inc., 02-0299 (La.10/15/02), 828 So.2d 546. The | ¡¡.language of Article 140 indicates that the trial court may impose damages up to double the amount of royalties due; generally, such a maximum penalty should be reserved for the most blameworthy conduct. .
Regarding the penalty assessed in this case, the trial court correctly awarded damages because Samson failed to pay the royalty amount due after receiving notice from the Succession’s representative. The record shows that the royalties owed accrued to the significant amount of $1.3 million through Samson’s oversight and neglect. However, after reviewing the entire record, we find that Samson’s failure to pay the correct royalty amount.does not involve the type of egregious conduct that would support the court’s award of double the amount of royalties due. Consequently, we conclude that the trial court abused its discretion in awarding an amount greater than $650,000 as damages in addition to the royalty of $1.3 million. Accordingly, we shall amend the judgment to reduce the damage award.
For the forgoing reasons, rehearing is granted for the purpose of amending the judgment to award the Succession damages of $650,000 in addition to the royalty amount of $1,301,149.13 and remanding this matter to allow Samson to amend its petition as described above. The trial court is directed to proceed accordingly based upon such amended petition. Rehearing is otherwise denied and the trial court’s judgment is affirmed in all other respects as provided in this court’s original opinion. Costs of rehearing are assessed one-half to appellant and one-half to appel-lees.
REHEARING GRANTED IN PART; OTHERWISE DENIED; AMENDED AND REMANDED FOR FURTHER PROCEEDINGS. ■
BROWN, C.J., concurs in part and dissents in part with written reasons.
CARAWAY, J., concurs with written reasons.
MOORE, J., concurs for the reasons ’ assigned by Judge CARAWAY.